NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ABEL HERNANDEZ-RIVAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-413 <br><br> Agency No. <br> A216-440-394 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before: CANBY, CALLAHAN, and OWENS, Circuit Judges.

Jose Abel Hernandez-Rivas,[1] a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The Clerk will amend the docket to change petitioner's name to Jose Abel Hernandez-Rivas, in accordance with the agency decision, filed at Docket Entry No. 10.

his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Hernandez-Rivas failed to establish he was or would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In light of this disposition, we need not reach Hernandez-Rivas's contentions regarding the cognizability of his proposed particular social groups. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Hernandez-Rivas's contentions regarding a new particular social group and an imputed political opinion are not properly before the court because he failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S.

411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule). We do not address Hernandez-Rivas's contentions as to whether the harm he suffered rose to the level of persecution and whether he was entitled to asylum as a matter of discretion because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Hernandez-Rivas's asylum claim fails.

Because Hernandez-Rivas failed to establish any nexus at all, he also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Substantial evidence also supports the agency's denial of CAT protection because Hernandez-Rivas failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials Hernandez-Rivas references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**

3                                                                    22-413